UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KENYON INGRAM, | ) | CASE NO.: 5:22-CV-01780 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| CROWDSTRIKE HOLDINGS, INC., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Doc. 4) |

This matter comes before the Court on Defendant Crowdstrike Holdings, Inc's ("Crowdstrike") Motion to Compel Arbitration and dismiss the Complaint, or in the alternative, stay the proceedings. Crowdstrike filed its Motion on October 12, 2022. Pro se Plaintiff Michael Kenyon Ingram has not filed a response opposing the Motion.

For the reasons stated below, the Motion is GRANTED.

**I.  Facts**

Plaintiff began his employment with Crowdstrike in or around January 2019, and he was terminated on February 26, 2021. Doc. 1-1; Doc. 4. Plaintiff's Complaint alleges several facts from his employment with Crowdstrike that he uses to support his claim for "Workplace Discrimination Under the Americans with Disabilities Act of 1990". Doc. 1-1.  This is the only cause of action that Plaintiff alleges in the Complaint.

On January 7, 2019, Plaintiff signed Crowdstrike's "At-Will Employment, Confidential Information, Invention Assignment, Non-Compete, and Arbitration Agreement". ("Agreement") Doc. 4-3. This agreement included the following provision:

1

> A. *Arbitration.* IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES, AND MY RECEIPT OF THE COMPENSATION, PAY RAISES, AND OTHER BENEFITS PAID TO ME BY THE COMPANY, AT PRESENT AND IN THE FUTURE, I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH ANYONE (INCLUDING THE COMPANY AND ANY EMPLOYEE, OFFICER, DIRECTOR. . .IN THEIR CAPACITY AS SUCH OR OTHERWISE), ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT WITH THE COMPANY OR THE TERMINATION OF MY EMPLOYMENT WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, SHALL BE SUBJECT TO BINDING ARBITRATION. . .**DISPUTES THAT I AGREE TO ARBITRATE, AND THEREBY AGREE TO WAIVE ANY RIGHT TO A TRIAL BY JURY, INCLUDE ANY STATUTORY CLAIMS UNDER LOCAL, STATE, OR FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, CLAIMS UNDER. . .THE AMERICANS WITH DISABILITIES ACT OF 1990. . .CLAIMS OF HARASSMENT, DISCRIMINATION, AND WRONGFUL TERMINATION. . .**I FURTHER UNDERSTAND THAT THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE COMPANY MAY HAVE WITH ME.

Doc. 4-3 at 9. (emphasis in original) Based upon the above provision, Crowdstrike contends that Plaintiff's claim is subject to arbitration. Doc. 4.

**II.     Law and Analysis**

In reviewing Crowdstrike's Motion, this Court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). The Court is mindful in its analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, Congress's "preeminent concern" was to enforce private agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving the issue, this Court must consider that there is "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

2

In deciding whether a binding arbitration agreement exists, the Court should apply state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In Ohio, "'[e]ssential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual asset and legality of object and of consideration.'" *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3, 770 N.E.2d 58, 61 (Ohio 2002) (quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D. Ohio Apr. 23, 1976). Crowdstrike offered the Agreement to Plaintiff in conjunction with the start of his employment, and Plaintiff accepted the terms of the Agreement, including the arbitration provision, by signing it. *See Corl v. Thomas & King*, No. 05AP-1128, 2006 W; 1629740, at *4 (Ohio Ct. App. June 13, 2006) (finding that "plaintiff's act of initialing the [Dispute Resolution Program] and signing the form is sufficient to demonstrate she read and understood its terms and specifically agreed to binding arbitration"); *see also Pennington v. Frisch's Restaurants, Inc.*, 147 Fed.Appx. 463, 466-467 (6th Cir. 2005).

Further, there is consideration for the arbitration provision as both Plaintiff and Crowdstrike agreed to arbitration – "I FURTHER UNDERSTAND THAT THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE COMPANY MAY HAVE WITH ME." Doc. 4-3 at 9. *Id.* at 5. With Plaintiff's lack of response to the Motion to Compel Arbitration, he has failed to put forth any facts or arguments disputing that these elements were satisfied.[1]

The Court finds that a binding arbitration agreement exists between Plaintiff and Crowdstrike, and, therefore, Crowdstrike's Motion to Compel Arbitration is GRANTED.

---

[1] There can be no genuine dispute that the Complaint falls within the scope of the arbitration provision as it expressly includes claims under the Americans with Disabilities Act.

3

### III. CONCLUSION

With respect to the issue of staying or dismissing the matter, the Court has reviewed the Sixth Circuit law and it is clear that the Court may choose either course of action. *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (6th Cir. 1999) (table decision); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091 (6th Cir. 2002). In past cases, this Court has consistently followed one approach and will continue to do so herein. The Court believes that its practice protects the parties' rights and promotes judicial economy.

Accordingly, Plaintiff is compelled to arbitrate any claims in the Complaint that he has against Crowdstrike. Further proceedings in the above-captioned case are hereby perpetually stayed and the case is hereby CLOSED, subject to reopening upon a well-taken written motion of Plaintiff, Crowdstrike, or any other proper party in interest, after the final decision of the Arbitrator.

IT IS SO ORDERED.


Dated: November 22, 2022               */s/ John R. Adams*
                                                             JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE